UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTINE PIERRE,

      Plaintiff,

v.                                                    CASE No. 8:13-CV-2938-T-33TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend that the decision be affirmed.

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff suffers from sickle cell anemia. As a result of that condition, the plaintiff, at times since at least 1981 (Tr. 246[2]), has been awarded Social Security disability benefits, as well as supplemental security income. However, the plaintiff also at times has been able to engage in substantial gainful activity. Consequently, there were periods when the plaintiff was overpaid disability benefits.

In September 2008, the plaintiff was notified that her overpayments were $111,661 (Tr. 118). The plaintiff then requested a waiver of the overpayment (Tr. 123-30). The Social Security Administration responded with a notice stating that the plaintiff's benefits would continue while the request for waiver was being considered, adding that the amount owed was $110,202.60 (Tr. 143). After the request for waiver was denied, a personal conference was scheduled with the plaintiff, but when she failed to appear at the conference, the denial of the waiver request was not changed (Tr. 158).

---

[2]The citations are to the stamped number in the upper right corner of a page, rather than to the CM/ECF number.

The plaintiff subsequently requested a hearing before an administrative law judge. After some false starts, a hearing was conducted before a law judge, at which the plaintiff was represented by her attorney. The law judge found (Tr. 18):

> The claimant was overpaid benefits for an amount alleged to be $110,202.60 (20 CFR 404.504). However, although I believe she was overpaid, I do not make a finding as to a specific amount of the overpayment as the file is unclear as to how the alleged amount was calculated.

The law judge found further that "[t]he claimant was at fault in causing the overpayment" (Tr. 20). This finding defeats the plaintiff's request for a waiver. Accordingly, the law judge decided that "[r]ecovery of the overpayment is not waived, and the claimant is liable for repayment of the overpayment" (Tr. 21). However, the law judge added (id.):

> The record contains multiple notices with multiple different overpaid amounts. While the undersigned finds the claimant is at fault for causing the overpayment the record is less than clear on the amount she actually is overpaid. To further complicate the issue the Social Security Administration revised their determination in relation to one of the claimant's TWP [trial work period] and EPE's [extended period of eligibility], and at one point "wiped out" part of the

> overpayment balance only to later reinstate it.
> Therefore, after careful review of the record the
> Administrative Law Judge directs the component
> responsible for determining disability
> overpayments related to work activity to advise the
> claimant the correct amount and months she is
> overpaid.

The Appeals Council denied the plaintiff's subsequent request for review and

let the law judge's decision stand as the final decision of the Commissioner

(Tr. 8).

II.

The Social Security Act provides that "[i]n any case in which

more than the correct amount of payment has been made, there shall be no

adjustment of payments to, or recovery by the United States from, any person

who is without fault if such adjustment or recovery would defeat the purpose

of this subchapter or would be against equity and good conscience." 42

U.S.C. 404(b). In determining whether an individual is without fault, the

Commissioner "shall specifically take into account any physical, mental,

educational or linguistic limitation such individual may have ...." Id. The

regulations add (20 C.F.R. 404.507) (emphasis added):

> *Fault* as used in *without fault* ... applies only to
> the individual.  Although the Administration may
> have been at fault in making the overpayment, that
> fact does not relieve the overpaid individual ...
> from liability for repayment if such individual is
> not without fault.... What constitutes fault ... on the
> part of the overpaid individual ... depends upon
> whether the facts show that the incorrect payment
> to the individual or to a provider of services or
> other person, or an incorrect payment made under
> section 1814(e) of the Act, resulted from:
>
>> (a) An incorrect statement made by the
>> individual which he knew or should have known to
>> be incorrect; or
>
>> (b) Failure to furnish information which he
>> knew or should have known to be material; or
>
>> (c) With respect to the overpaid individual
>> only, acceptance of a payment which he either
>> knew or could have been expected to know was
>> incorrect.

The burden is on the plaintiff to establish that she was "without fault" in

causing an overpayment.  Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir.

1982).

A factual determination by the Commissioner must be upheld if

it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." <u>Richardson</u> v. <u>Perales</u>, 402 U.S. 389, 401 (1971), <u>quoting</u> <u>Consolidated Edison Co.</u> v. <u>NLRB</u>, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. <u>Grant</u> v. <u>Richardson,</u> 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

### III.

This case turns on whether the plaintiff was without fault with respect to the overpayment. The issue, of course, is not whether this court, upon a <u>de novo</u> consideration, would find the plaintiff to be without fault. The question, rather, is whether, based upon the evidence in the record, the law judge could reasonably conclude that the plaintiff was not without fault.

The law judge found that the plaintiff was not without fault in causing and accepting the overpayment of benefits. The law judge explained that finding as follows (Tr. 20-21):

The undersigned has considered the claimant's argument that she was not told how much she could earn and still receive disability benefits. However, the undersigned notes that the claimant's overpayment is representative of more than one overpaid period, all due to the claimant performing work above the substantial gainful level during her EPE and after her benefits should have stopped. In addition, when a[n] individual receives an award letter stating they have been approved for Social Security Disability Insurance benefits it is accompanied with information about the claimant's reporting responsibilities that include information about if she returns to work. As a result, the claimant should have known how much she could earn per month and not be over the substantial gainful level.

. . .

The claimant's attorney further argued that English is not the claimant's primary language, and therefore she had difficulties understanding her reporting responsibilities. The undersigned notes that while the claimant's linguistic limitations must be considered it is noted that the claimant has demonstrated that she understand[s] what is necessary to file multiple applications for disability insurance benefits. In addition, the record is void of any indication that the claimant required or was appointed a representative payee to help with management of her benefits.

. . .

After careful consideration of the evidence of record, the undersigned finds the claimant's

testimony and reports in the record are not credible. This is based on the fact that the claimant has been overpaid on more than one occasion due to working above the substantial gainful level during her EPE.

The law judge also expressed these thoughts at the hearing, stating (Tr. 304):

> ... because if this were one time that there was an overpayment with a trial work period, EPE, et cetera, I might understand, well, she didn't understand, but when there's been multiple times over the course of 20 or 30 years I find it a little hard that at some point you didn't understand that the fact that you're going back to work and earning these monies is causing problems.

The record confirms the law judge's assessment that the plaintiff had experienced problems for many years due to working while receiving disability benefits. As far back as February 1990, the plaintiff was sent a notice explaining that she had been overpaid due to earnings she had in 1984 and 1985 (Tr. 247). Also, a summary sheet shows that for each month in 1994, the plaintiff engaged in substantial gainful activity and was paid no disability benefits, a circumstance that clearly alerted the plaintiff to the fact that if she worked, it would affect her entitlement to benefits (Tr. 253).

On May 26, 2002, the plaintiff was sent a Notice of Disability

Cessation which stated (Tr. 31-32) (emphasis in original):

> Earlier, we wrote to tell you that we had information about your work and earnings that could affect your Social Security disability payments.  We also told you that we planned to decide that your disability ended because of your substantial work.  We are now writing to tell you our decision.
>
> We have decided that you are no longer entitled to Social Security disability payments for January 2001 because of substantial work.
>
> **Information About Your Payments**
>
> Your payments continued during your period of 9 trial work months while you tested your ability to work.  Your trial work period ended August 2000.
>
> You are entitled to payments for months beginning February 2001 because you are no longer doing substantial work.
>
> ...
>
> **What Happens After The Trial Work Period**
>
> After the trial work period, several things happen.
>
> Your disability ends if your work activity shows your ability to do substantial work.  However, we pay benefits for the month disability ends and the following 2 months no matter how much is earned.

In your case, this is October 2000 through December 2000.

You get an extended period of eligibility that begins right after the trial work period. This is a 36-month period when we restart payments for any month(s) your work is not substantial if your health problems still meet our rules. Your extended period of eligibility months are September 2000 through August 2003.

**Overpayment Information**

Because we did not stop your checks timely, you were paid $2,381.30 too much in benefits.

**How To Pay Us Back**

You should refund this overpayment within 30 days.

The Notice concluded with the following statement (Tr. 33):

**Things To Remember For The Future**

You must tell us right away about any changes that may affect your benefits. If you do not, you may have to repay any benefits you are not due. Let us know if:

You went to work since your last report or you return to work in the future ...

-10-

The plaintiff was sent on June 18, 2005, a notice stating that her disability had ended and that she was not entitled to benefits for 1994 and for September 1999 and later (Tr. 286). The notice contained the same explanation about the trial work period ("TWP") and the extended period of eligibility ("EPE") (id.). It also explained "What is Substantial Work," and set out the amount of monthly earnings that usually constitute substantial work (Tr. 287).

The Social Security Administration followed up this notice with a statement dated October 18, 2005, telling the plaintiff that there had been an overpayment of $84,206 (Tr. 57).

On May 7, 2008, the Social Security Administration requested the plaintiff to fill out a form concerning her work. The letter also included a pamphlet entitled "Working While Disabled ... How Social Security Can Help" which was intended to tell the plaintiff why the agency needed to know about her work (Tr. 67). Thereafter, the Social Security Administration sent the plaintiff statements saying that the plaintiff had been overpaid benefits of approximately $110,000.

The plaintiff requested a waiver of the overpayment, but the law judge denied that request because the plaintiff was at fault in receiving the overpayments. He concluded that "all overpayments were due to work activity not reported by the claimant" (Tr. 20). As the law judge indicated at the hearing, in light of the plaintiff's experience with the Social Security Administration for many years, she knew that there were limits on the money that she could earn while receiving disability benefits (Tr. 304).

Contrary to the plaintiff's assertion, the law judge did not automatically deem the plaintiff to have knowledge of the law (Doc. 17, p. 12). Rather, he reasonably concluded based upon the record that the plaintiff had been informed about the law through her experience with the Social Security Administration.

The plaintiff also mentions that English is not her native language, which is Creole. The law judge expressly recognized that circumstance but discounted it because "the claimant has demonstrated that she underst[oo]d what is necessary to file multiple applications for disability insurance benefits" (Tr. 20).

The record clearly supports the law judge's conclusion that language difficulties did not hamper the plaintiff's understanding of her obligation to report earnings. Thus, the record shows that the plaintiff had sixteen years of education (Tr. 248). She has worked as a substitute teacher or teacher's assistant for the Hillsborough County School Board (Tr. 44), the Pasco County School Board (id.), and the Broward County School Board (Tr. 69). She has also worked as a Customer Service representative (Tr. 80). In addition, she works as an interpreter and translator (Tr. 127).

Further, the plaintiff mentions her impairment of sickle cell anemia (see Tr. 245) and suggests that her impairment affected her ability to understand that she needed to report her earnings (Doc. 17, p. 14). That suggestion is meritless since there is no indication that her condition diminishes her mental capabilities. Moreover, for a significant portion of the time, the plaintiff was able to work, so obviously during those periods the plaintiff's condition did not affect her ability to report her earnings.

The plaintiff, in addition, points out that there is a difference between the amount of earnings that a claimant can have during the trial work period and the amount earned from substantial gainful activity that

demonstrates that a claimant is not disabled (id., pp. 12-14).  That difference

has nothing to do with the plaintiff's obligation to report her earnings.

       The Commissioner cogently explained the trial work period as

follows (Doc. 20, p. 2 n.1):

> The trial work period allows a claimant receiving
> DIB to test his or her ability to work while
> receiving benefits.  See 42 U.S.C. §§ 422(c)(2),
> 423(d)(4)(A); 20 C.F.R. § 404.1592(a). Generally,
> the trial work period spans the first nine months
> that the claimant engages in services, even if the
> services are not substantial gainful activity and the
> months need not be consecutive.  See 20 C.F.R. §
> 404.1592(a)-(b).   A claimant may engage in
> substantial gainful activity during the trial work
> period and still receive DIB.   See 20 C.F.R. §
> 404.316(d) ("Earnings during your trial work
> period do not affect the payment of your benefit.").

The smaller amount of earnings that pertain to the trial work period are

simply used to determine if one of the nine months has been consumed.  As

indicated, earnings during the nine-month trial period are not counted

regardless of whether the amount exceeds the lesser amount established by

the regulations or exceeds the substantial gainful activity limits.

Consequently, the argument regarding the limits of the trial work period is

meritless, if not frivolous.

Finally, the plaintiff points out that she has been told various amounts that she was overpaid (Doc. 17, p. 15). The law judge expressly recognized this problem, noting that "the amount of the overpayment is in question" (Tr. 20). Accordingly, the law judge "direct[ed] the component responsible for determining disability overpayments related to work activity to advise the claimant the correct amount and months she is overpaid" (Tr. 21). When that is done, the plaintiff can challenge the amount that is said to be overpaid. However, there is ample evidence supporting the law judge's finding that the plaintiff was not without fault and that finding should be affirmed. In other words, the plaintiff is not entitled to a waiver of the overpayment, but she can attack the amount that is claimed to be due.

IV.

In sum, the law judge's decision is in accordance with the law, and his finding that the plaintiff was not without fault in causing and accepting the overpayment of disability benefits is supported by the record. Moreover, because the plaintiff failed to show that she was without fault, the law judge was not required to address the second prong of the waiver statute.

Accordingly, I recommend that the Commissioner's decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 5, 2014

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).